** Summary ** APPROVAL OF TAX REFUNDS BY COUNTY TREASURER Tax refunds from the Board of Tax Roll Corrections must be approved by the County Treasurer as provided in 68 O.S. 24341 [68-24341](c) (1971). This is to acknowledge receipt of your request for an opinion wherein the following question, in effect, is asked: "Must the County Treasurer approve tax refunds from the Board of Tax Roll Corrections before the County Clerk can issue a voucher?" Title 68 O.S. 2479 [68-2479] (1971), provides in part: "After delivery of the Tax Rolls to the County Treasurer of any county, no correction or alteration as to any item contained therein as of such date of delivery shall ever be made, except by the County Treasurer and on authority of a proper certificate authorized by law or pursuant to order or decree of court in determination of a tax protest or other proper case. "A board of Tax-Roll Corrections, hereby created, consisting of the chairman of the Board of County Commissioners as chairman, the chairman of the County Equalization Board as vice-chairman, the County Clerk as nonvoting member and secretary, and the County Assessor, a majority of whom shall constitute a quorum, is hereby authorized to hear and determine allegations of error, mistake or difference as to any item or items so contained in said Tax Rolls, in any instances hereinafter enumerated, on application of any person or persons whose interest may in any manner be affected thereby, or by his agent or attorney, verified by affidavit and showing that the complainant was not at fault through his own failure to fulfill any duty enjoined upon him by law, or upon discovery by the County Treasurer or Assessor before the tax has been paid or attempted to be paid and disclosure by statement of fact in writing signed by said Treasurer or Assessor and verified by the Assessor or Treasurer as the case may be; but such right shall not be available to any one desirous of acquiring, or who has acquired, the lien of the county for such tax, whether by purchase, assignment, deed or otherwise." Section 68 O.S. 2479 [68-2479] enumerates the specific tax-roll errors subject to correction and further provides that if the Board of Tax Roll Corrections finds that any of the enumerated errors exist: "Then, in either or any such event, it shall be the duty of the Board of Tax-Roll Corrections to make and the Secretary to enter its findings of fact and to correct such error, if such exists, by issuing its correction, whereupon the County Clerk shall issue a certificate of error to the County Treasurer if the tax be not paid, stating the amount or other effect of such order, and it shall be the duty of such County Treasurer to make and enter such correction upon his tax rolls and, if there be a correction to the amount of tax charged, to enter a credit, in lieu of cash, for the amount shown in such certificate. "If, prior to such hearing by the Board, as aforesaid, the tax has been paid, no certificate shall issue; but if less than one (1) year shall have elapsed after the payment of the tax and before the filing of such application for correction of error, and after such hearing the findings of fact disclose that less tax was due to have been paid than was paid, then the person who paid the tax, or his heirs, successors, or assigns, may execute a cash voucher claim setting forth facts and findings, verify it, and file it with the County Clerk, who shall thereupon issue his cash voucher against the County Penalty Reserve Fund of the county, directing the County Treasurer to pay to such person the amount so found to be erroneous. The word 'person' as last hereinbefore applied shall comprehend the person, firm, or corporation who paid such tax and the heirs, assigns or successors, as the case may be. No such claim for refund shall be allowed and paid unless the same be filed within six (6) months after the effective date of the order of correction. "If there be any error in the taxes collected from any person, the overpayment or duplicate payment of any such taxes collected in error may be recovered by the taxpayer, and the County Treasurer is hereby authorized to make such payment from the Resale Property Fund of the county." Title 68 O.S. 24341 [68-24341] (1971), provides in part: "(b) The Resale-Property Fund herein created for each county is hereby declared to be a continuous fund, not subject to fiscal year limitations, and is hereby dedicated, insofar as may be necessary, to the enforcement of the tax laws of the State, and is authorized to be expended for the following purposes: "(4) For all rebates allowed under authority of statute by the Board of County Commissioners or the Tax Roll Correction Board of the county upon taxes found to have been illegally or erroneously collected, . . ." "(c) The expenditures so made shall be made only upon sworn itemized claims approved by the County Treasurer and filed with the County Clerk and paid by cash voucher drawn by the County Clerk payable from said Fund . . . If any such claim has not been paid within three (3) years, the same shall cease to be an obligation of the Resale-Property Fund of such county; . . ." In Attorney General Opinion No. 69-236, these provisions were construed and it was held that the limitations and procedures in the next to the last paragraph of 68 O.S. 2479 [68-2479] (1971), supra, applied to the County Penalty Reserve Fund. It was further held that since the County Penalty Reserve Fund is no longer in existence, reaffirming Attorney General Opinion No. 66-123 and the Attorney General Opinion addressed to the Honorable Scott Burson, State Examiner and Inspector, dated July 1, 1954, those limitations and procedures are of no effect, and all real property tax refunds certified by the Board of Tax Roll Corrections must be paid from the Resale-Property Fund in accordance with the last paragraph of 68 O.S. 2479 [68-2479] (1971), supra, and 68 O.S. 24341 [68-24341] (1971), supra. The Attorney General has reviewed Opinion No. 69-236 and reaffirms the conclusion reached therein. The last paragraph of 68 O.S. 2479 [68-2479] (1971), provides that for taxes erroneously collected the County Treasurer is authorized to make payment of tax refund from the Resale Property Fund of the county. Title 68 O.S. 24341 [68-24341](c) (1971), provides that payments from said fund shall be made upon claims approved by the County Treasurer. It is therefore, the opinion of the Attorney General that your question be answered in the affirmative. Tax refunds from the Board of Tax Roll Corrections must be approved by the County Treasurer as provided in 68 O.S. 24341 [68-24341](c) (1971). (Mike D. Martin) (Ad Valorem)